FILED by KS D.C.
Jun 24, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**21-20352-CR-MARTINEZ/BECERRA**

CASE NO. _____

18 U.S.C. § 1542
18 U.S.C. § 1001(a)(2)
18 U.S.C. § 982(a)(6)

UNITED STATES OF AMERICA

vs.

**BRITTANY JADE GELINAS,**

    **Defendant.**
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Making a False Statement in a Passport Application
### (18 U.S.C. § 1542)

On or about September 13, 2019, in Miami-Dade County, in the Southern District of Florida, the defendant,

**BRITTANY JADE GELINAS,**

did willfully and knowingly make a false statement in an application for a passport with the intent to induce and secure the issuance of a passport under the authority of the United States for the use of her minor child, O.G., contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, in that the defendant represented that O.G.'s passport was lost or stolen and she had O.G.'s father's consent to apply for a new passport for O.G., when in truth and in fact, and as the defendant then and there well knew, O.G.'s passport was not lost or stolen and the father did not give the defendant consent to apply for a new passport for O.G., in violation of Title 18, United States Code, Section 1542.

## COUNT 2
### Making a False Statement to a Federal Agency
### (18 U.S.C. § 1001(a)(2))

On or about September 13, 2019, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Department of State, an agency of the executive branch of the United States Government, the defendant,

**BRITTANY JADE GELINAS,**

did willfully and knowingly make a false, fraudulent, and fictitious statement and representation as to a material fact, in that the defendant represented to a Department of State official that her minor child O.G.'s passport was lost or stolen and she had O.G.'s father's consent to apply for a new passport for O.G., when in truth and in fact, and as the defendant then and there well knew, O.G.'s passport was not lost or stolen and the father did not give the defendant consent to apply for a new passport for O.G., in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 3
### Making a False Statement to a Federal Agency
### (18 U.S.C. § 1001(a)(2))

On or about September 13, 2019, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Department of State, an agency of the executive branch of the United States Government, the defendant,

**BRITTANY JADE GELINAS,**

did willfully and knowingly make a false, fraudulent, and fictitious statement and representation as to a material fact, in that the defendant represented on a Form DS-5525 (Statement of Exigent/Special Family Circumstances for Issuance of a U.S. Passport to a Minor Under Age 16), that no court had ever issued an order/decree that referenced the custody or travel of the minor child in question, when in truth and fact, and as the defendant then and there well knew, on

September 11, 2019, a court had issued an order/decree that referenced the custody or travel of the minor child in question, in violation of Title 18 United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **BRITTANY JADE GELINAS,** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1542, as alleged in this Indictment, the defendant, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting or derived from any proceeds which the defendants obtained, directly or indirectly, as the result of such violation.

3. All pursuant to Title 18, United States Code, Sections 982(a)(6), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 982(b)(1).

A TRUE BILL

_____
FOREPERSON

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

ABBIE D. WAXMAN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

Brittany Jade Gelinas

_____Defendant._____/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)
- ☑ Miami  ☐ Key West  ☐ FTL
- ☐ WPB  ☐ FTP

New defendant(s)  ☐ Yes  ☐ No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No)  No
   List language and/or dialect _____
4. This case will take __2__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days       ☑
   - II  6 to 10 days      ☐
   - III 11 to 20 days     ☐
   - IV  21 to 60 days     ☐
   - V   61 days and over  ☐

   (Check only one)
   - Petty        ☐
   - Minor        ☐
   - Misdemeanor  ☐
   - Felony       ☑

6. Has this case previously been filed in this District Court? (Yes or No)  No
   If yes: Judge _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No)  No
7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No)  No
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No)  No
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No)  No

_Abbie D. Waxman_
Abbie D. Waxman
Assistant United States Attorney
FLA Bar No.      109315

*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Brittany Jade Gelinas

**Case No:**

Count #: 1

   Making a False Statement in a Passport Application

   Title 18, United States Code, Section 1542

\* **Max. Penalty:** 10 years' imprisonment

Counts #: 2 -3

   Making a False Statement to a Federal Agency

   Title 18, United States Code, Section 1001(a)(2)

\***Max. Penalty:** 5 years' imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.