UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20352-JEM

UNITED STATES OF AMERICA

v.

BRITTANY JADE GELINAS,

    Defendant.
_____/

## FACTUAL PROFFER

The United States of America and the defendant Brittany Jade Gelinas agree that had this case proceeded to trial, the United States would have proven, beyond a reasonable doubt, the following facts, among others, pertaining to violations of 18 U.S.C. §§ 1001(a)(2) and 1542, which occurred in the Southern District of Florida.

On September 11, 2019, during a State court hearing regarding the defendant's dissolution of marriage to Mr. Gelinas, the Honorable Christina Serrano ordered that the defendant's "child cannot leave the country" and that Mr. Gelinas retain the child's passport. Judge Serrano repeated that the child "cannot leave the country," and the defendant responded, "Yeah, I know."

Two days later, the defendant applied for a United States passport for the child at a Miami Passport Agency. On one form, she represented, "on my way to meet my husband in Mexico, lost passport in bag lost at gas station." On another form, the defendant represented that the child's father was unable to consent to the application because he "is on an extensive bike trip to Mexico City and unreachable," and that no court has "ever issued an order/decree that

*Court Exhibit #1*

references the custody or travel of the minor child in question." The defendant declared under penalty of perjury that those statements were true and correct. But those statements were false.

In support of the defendant's passport application on her child's behalf, she submitted travel booking receipts for her and the child's scheduled flight from Miami to Mexico City that evening of September 13, 2019, as well as three one-way flights for her, the child, and Mr. Gelinas to Lima, Peru the following day.

During the interview portion of the application, also on September 13, 2019, the defendant gave inconsistent accounts to the State Department official regarding the child's passport. She initially said the child's passport was stolen, but when pressed further the defendant said she lost it in his diaper bag on the way to the airport. When asked about Mr. Gelinas's consent to the passport's issuance, the defendant said he agreed to it but was unreachable because he was overseas participating in a bicycle race. Those statements were also false. Further, without these statements in the application and to the State Department official about the whereabouts of the child's passport and the father's consent and unavailability, the child's passport could not be issued.

The information contained in this proffer is not a complete recitation of the facts and circumstances of this case, but the parties agree it is sufficient to prove Counts 1 and 3 of the Indictment beyond a reasonable doubt.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 10/18/21      By: _____
                         JOSEPH EGOZI
                         ASSISTANT UNITED STATES ATTORNEY

Date: 10/18/2021    By: _Paul J. Donnelly_____
                         PAUL J. DONNELLY

2

ATTORNEY FOR DEFENDANT

Date: October 18, 2021  By: _____
BRITTANY JADE GELINAS
DEFENDANT